UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DOCTOR JOHN'S, INC., | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-02739 JCH |
| | ) | |
| CITY OF MANCHESTER, MISSOURI, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants City of Manchester, Missouri's ("City" or "Manchester") and Melanie Rippetoe's ("Rippetoe" and collectively "Defendants") motions to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. (Docs. 13 and 15). Plaintiff Doctor John's, Inc. ("Doctor John's" or "Plaintiff") has not responded to either motion, and the time to do so has passed. For the reasons set forth below, Defendants' motion to dismiss for lack of jurisdiction will be granted.

**I.     Factual and Procedural Background**[1]

This action arises out of a zoning dispute involving Doctor John's now shuttered retail store in Manchester, Missouri. Plaintiff challenges as unconstitutional a Manchester zoning ordinance that the City accused Plaintiff of violating. Plaintiff does not identify the specific ordinance he complains of, but alleges that the zoning ordinance at issue is unconstitutionally vague, and requests an order from this Court that the ordinance and the City's actions in enforcing it violate due process as well as Doctor John's rights under the First, Fourth, and

---

[1] Most of the information included in this section is taken from Defendants' memorandum in support of their motion to dismiss for lack of jurisdiction. (Doc. 14)

Fourteenth Amendments of the United States Constitution. (Doc. 1, Counts I-III). Plaintiff also seeks a declaration under Missouri law that its use of the premises at issue did not violate the undefined ordinance. (Doc. 1, Count IV). Plaintiff asks that the City "be ordered to process and approve, within 10 days, Plaintiff's requests to open or reopen as a variety and department store." (Doc. 1 at 5). Finally, Plaintiff names as an additional defendant Ms. Rippetoe, the head of Planning and Zoning for the City, alleging that she unconstitutionally refused to process Plaintiff's application for a business license, and asking this Court to order her to approve its application. (Doc. 1 at 7-8).

Defendants argue that this Court should dismiss this case pursuant to the abstention doctrine[2] articulated in *Younger v. Harris*, 401 U.S. 37 (1971), because "it is clear the matters raised in the Complaint have been raised, or could have been raised, and are now being litigated in the state court case[3] *City of Manchester, Missouri v. Doctor John's, Inc.*, 19SL-CC03148-01 (St. Louis County Cir. Ct., filed July 30, 2019)." (Doc. 14 at 2).

The parties to this case are currently litigating that parallel case, involving the same property and issues, in St. Louis County Circuit Court. Doctor John's is the defendant in that case, in which the Defendant here, the City of Manchester, sued Doctor John's for violating

---

[2] Defendants assert that abstention is also required pursuant to the *Brillhart-Wilton* and *Colorado River* abstention doctrines. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). Because the Court determines that abstention is appropriate under the *Younger* doctrine, it need not consider Defendants' alternative arguments regarding abstention under either the *Brillhart-Wilton* or *Colorado River* doctrines.

[3] The Court takes judicial notice of the pending state-court docket. *See e.g., Matter of Phillips*, 593 F.2d 356, 358 (8th Cir. 1979) (a federal court may properly take judicial notice of state court proceedings). Additionally, "[b]ecause [*Younger*] abstention is a 'prudential rather than a jurisdictional ground for dismissal,' the pleading and burden requirements of Rule 12(b)(6) are not applicable, nor is the court 'limited to the facts that the plaintiff pleaded to determine whether comity and federalism counsel against [the] exercise of jurisdiction." *Gall v. Steele*, No. 2:13-CV-111 CDP, 2015 WL 75234, at *1 n.2 (E.D. Mo. Jan. 6, 2015) (quoting *Christian Action Network v. Maine*, 679 F. Supp. 2d 140, 143 n.2 (D. Me. 2010).

municipal zoning ordinances by straying beyond the permitted uses for the store premises authorized in the City's zoning laws. The state court case has been pending since July 2019. The state court held a multi-day evidentiary hearing regarding the merits of the case, and has permanently enjoined Dr. John's from continuing operations at its Manchester store.

Some additional background information is helpful in understanding how the case arrived here. Doctor John's opened a store in Manchester in 2019. The store was located in a C1 commercial zoning district. The permitted retail uses for a business located in such a zoning district allowed the operation of a "variety and department store not to exceed 10,000 square feet," and the sale of "apparel and accessories." After the City approved Doctor John's business to sell "apparel and accessories" at its Manchester location, the City alleges that Doctor John's began violating the zoning laws by selling various novelty items that were not "apparel and accessories." The City notified Doctor John's that its actions were in violation of the City's zoning ordinances, but Doctor John's continued to sell items the City believed to be outside the permitted parameters of the applicable zoning ordinance.

The City then initiated the state case to enforce its zoning laws. Doctor John's filed a counterclaim, alleging, among other things, that the City's zoning regulations were unconstitutionally vague, and that the City's actions had violated Doctor John's due process rights as well as its rights under the First and Fourteenth Amendments. Doctor John's also filed a motion for summary judgment in the state action, seeking an order that the City's zoning regulations were unconstitutionally vague and constituted impermissible content based regulation.

The state court entered a temporary restraining order prohibiting Doctor John's from selling items that were not "apparel and accessories." The state court held a multi-day

3

evidentiary hearing on the City's request for a permanent injunction. While that hearing was still ongoing, Doctor John's filed with the City a new application for a business license to use its Manchester store as a "variety and department store." The state court heard evidence that Dr. John's use of the store was not compliant with either the "apparel and accessories" use, or with the "variety and department store" use allowed by the applicable zoning regulations. Doctor John's did not object to such testimony, nor did it offer evidence that its use of the store satisfied the classification of a "variety and department store."

On December 3, 2019, the state issued an Order and Judgment granting the City's request for a permanent injunction regarding Doctor John's use of its Manchester store and denying Doctor John's motion for summary judgment. *See* Doc. 14-1. The state court found that Doctor John's had violated the City's zoning regulations by engaging in the sale of items that were not allowed under the applicable zoning ordinance. *Id*. at 2-4. The state court explicitly rejected Doctor John's claims that the City's zoning regulations were vague and ambiguous, as well as Doctor John's claims that its due process rights or its rights under the First and Fourteenth Amendments of the United States Constitution has been violated. *Id*. at 8-14. The state court held that "the City was in no way restricting content of items sold," but that the City was "merely enforcing the zoning codes and regulations in place at the time of the application." *Id*. at 12. The state court further found that "there is no facial nor as applied constitutional infirmity to the . . . Ordinance of the City of Manchester that violates either the First or Fourteenth amendments of the United Stated Constitution." *Id*. at 12-13. The state court permanently enjoined Doctor John's "from violating the Ordinances and Zoning regulations of the City of Manchester, Missouri, including those relating specifically to the C1 zoning district sales and permitted uses . . .." *Id*. at 16. The state court case remains pending, and the state court's judgment is not yet

final in all respects. (Doc. 14 at 7). Most recently, the City filed a motion to enforce the injunction on March 23, 2020. See *City of Manchester, Missouri v. Doctor John's, Inc*., No. 19SL-CC03148-01 (St. Louis County Cir. Ct., filed March 23, 2020, 2019) as reviewed at Missouri Case.net, https://www.courts.mo/gov/casenet on March 31, 2020.

## II. Discussion

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Allegheny Cnty. v. Frank Mashuda Co*., 360 U.S. 185, 188 (1959). "Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc*., 426 F.3d 994, 996 (8th Cir. 2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 16-19 (1983)); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them"). Hence, while a federal court's obligation to hear and decide a case is "virtually unflagging," federal courts apply judicially-created abstention doctrines in specific, limited circumstances. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citations omitted). Relevant here is the *Younger* form of abstention. *See Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention initially only applied to federal interference with criminal claims. However, out of concern for comity and federalism, the Supreme Court has expanded *Younger* protection to certain civil proceedings. *See, e.g., Sprint,* 571 U.S. at 73; *Pennzoil v. Texaco*, 481 U.S. 1, 14 (1987); *Juidice v. Vail*, 430 U.S. 327, 3335 (1977). Federal courts apply *Younger* abstention to avoid interfering with two kinds of state civil cases: (1) enforcement proceedings

5

and (2) cases involving "certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Public Service, Inc. v. Council of City of New Orleans (NOPSI)*, 491 U.S. 350, 367-68 (1989); *see also Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10 (1987).

The Eighth Circuit recently observed that caselaw generates "three lines of inquiry for determining whether *Younger* abstention is appropriate."

> First, does the underlying state proceeding fall within one of the . . . "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018) (citing *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

With respect to the first question, as noted *supra*, *Younger* abstention is applicable in civil enforcement proceedings that are akin to criminal prosecutions, and in proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Id*. at 552 (quoting *Sprint*, 571 U.S. at 72-73, 78). As further discussed below, the state proceeding at issue here fits neatly within the first of these categories.

A. Civil Enforcement Proceeding

*Younger* abstention applies where a state-court civil enforcement proceeding is "akin to a criminal prosecution" in "important respects." *Sprint*, 571 U.S. at 79 (quoting *Huffman*, 420 U.S. at 604). The *Sprint* Court identified several indicia of such civil enforcement proceedings. *Id*. First, "[s]uch enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." *Id*. (citing

6

*Middlesex*, 457 U.S. at 433-34). Additionally, "[i]n cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the [state] action" and "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id*.

Assessing the nature of the state action in this case, it clearly falls squarely within this category. Here, the federal plaintiff, Doctor John's, was the defendant in the state action. The state proceeding was the result of the City's attempt to sanction Doctor John's for its violations of the City's zoning regulations. Indeed, federal courts have routinely held that state proceedings dealing with land use and zoning issues are emblematic of the sort of state proceedings that are appropriately subject to *Younger* abstention. *See, e.g., Huffman* v. Pursue, Ltd., 420 U.S. 592, 611 (1975) (civil enforcement of nuisance law); *Sinclair Oil Corp. v. County of Santa Barbara,* 96 F.3d 401, 409 (9th Cir.1996) ("land use planning is a sensitive area of social policy" which federal courts typically ought not enter), *cert. denied,* 523 U.S. 1059 (1998); *Pomponio v. Fauquier County Bd. of Supervisors,* 21 F.3d 1319, 1327 (4th Cir.1994) (en banc) ("[S]tate and local zoning and land use law is particularly the province of the State and . . . federal courts should be wary of intervening in that area in the ordinary case ... [because] [w]e can conceive of few matters of public concern more substantial than zoning and land use laws"); *Izzo v. Borough of River Edge,* 843 F.2d 765, 769 (3d Cir.1988) ("We share . . . the federal judiciary's traditional respect for local administration and control of land use regulation. Federal courts have expressly disavowed any desire to sit as a statewide board of zoning appeals hearing challenges to municipalities . . .. Land use policy customarily has been considered . . . area in which the tenets of federalism are particularly strong.").

B. *Middlesex* "additional factors"

Having determined that the state court action falls within one of the exceptional categories to which *Younger* abstention applies, the Court must next consider the three "additional factors" that the Supreme Court articulated in *Middlesex*, 457 U.S. at 432. *See also Sprint*, 571 U.S. at 74. Before invoking *Younger*, a federal court must consider whether: (1) there is an ongoing state proceeding that is judicial in nature, (2) which implicates an important state interest, and (3) provides an adequate opportunity to raise federal challenges. *Id.*

First, there can be no dispute that the underlying state action is ongoing and judicial in nature. The City is currently enforcing its zoning laws in a parallel state court action against Doctor John's.

Second, the Court finds that the state court proceeding directly affects an "important state interest." The Eighth Circuit has stated that "it is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land use regulations is an important state and local interest . . . [and that] land use planning is a sensitive area of social policy which federal courts typically ought not enter." *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 480 (8th Cir. 1998) (internal quotations omitted). *See also Ken-N.K., Inc., v. Vernon Township*, 18 Fed. Appx. 319, 324 (6th Cir. 2001) ("[A]n important state and local interest . . . [is] the enforcement and application of municipal regulations.").

Finally, the Court concludes that the third *Middlesex* factor is also met. The state court action unquestionably provides "an adequate opportunity" to raise federal challenges, particularly when one considers that Doctor John's has in fact raised its constitutional challenges in that proceeding. Doctor John's counterclaim in the state action alleges that the City's zoning requirements are "unconstitutionally vague," and that they violate his rights under

8

the First and Fourteenth Amendments. (Doc. 14-4 at 2-3). And, to the extent that Doctor John's claims here against Defendant Rippetoe have not been raised in the state case, that matters not, as there is no reason they could not have been. *See Juidice*, 430 U.S. at 337 (A plaintiff's "failure to avail [itself] of such opportunities does not mean that the state procedures were inadequate."). Therefore, there is no question that the state case provides Doctor John's an adequate opportunity to raise its federal claims, and thus, the third *Middlesex* factor is satisfied.

    C.    Exceptions to *Younger* Abstention

Having determined that the case falls within one of the categories of cases to which *Younger* abstention applies, and that the three *Middlesex* factors have been satisfied, the Court finds that abstention is proper unless one of the exceptions to *Younger* applies. "[A] federal court should not abstain if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010) (quoting *Middlesex*, 457 U.S. at 435). The Supreme Court has noted that these exceptions are "narrow." *Huffman*, 420 U.S. at 611.

Nothing on the record before it leads this Court to conclude that the enforcement proceeding in the state court was motivated by bad faith or harassment on the part of any of the state actors involved. As to "extraordinary circumstances," the Supreme Court has suggested that where one has an adequate opportunity to raise one's claims in state court proceedings, such exceptional circumstances do not exist. *See Kugler v. Helfant*, 421 U.S. 117, 124-25 (The policy of equitable restraint expressed in *Younger* is founded on the premise that ordinarily a pending state proceeding "provides a fair and sufficient opportunity for vindication of federal constitutional rights . . . *Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the*

*deference to be accorded to the state . . . process*.") (emphasis added) (citation omitted). *See also Gillette v. N.D. Disciplinary Bd. Counsel*, 610 F.3d 1045, 1048-49 (8th Cir. 2010) (finding no "exceptional circumstance" where relevant issues could be raised in state proceedings). In the present circumstances, nothing alleged in the complaint would create a plausible inference that the state court cannot fairly and fully adjudicate the constitutional issues raised by Doctor John's. Therefore, the Court finds that no "exceptional circumstances" exist that would require the Court to decline abstention under *Younger*.

For the reasons stated herein, the Court holds that abstention is proper in this case. Because the Court abstains on *Younger* grounds, it declines to address Defendants' alternative motion in which it argues that Doctor John's failed to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of jurisdiction (Doc. 13) is **GRANTED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss for failure to state a claim (Doc. 15) is **DENIED** as moot.

Dated this 31st day of March, 2020.

                                                    __/s/ Jean C. Hamilton_____
                                                    JEAN C. HAMILTON
                                                    UNITED STATES DISTRICT JUDGE